**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AMY BOSTIC**, *et al.*,

  Plaintiffs,

 vs.            Civil Action 2:05-CV-192
                 Judge Watson
                 Magistrate Judge King

**BUTLER TRANSPORT, INC.**,
*et al.*,

  Defendants.


**REPORT AND RECOMMENDATION**

  This action was initiated in state court by Thomas and Frances Barton and by their trustee in bankruptcy. The complaint seeks recovery for injuries allegedly sustained by the Bartons as a result of a motor vehicle accident allegedly caused by defendant Robert A. Downard while he was acting within the course and scope of his employment for the Butler defendants. Also named as a defendant to the complaint is Ohio Mutual Insurance Group, who is alleged to have a vested subrogation interest with respect to medical bills paid by it on behalf of the Bartons. The action was removed to this Court as a diversity action over which the Court would have original jurisdiction by virtue of 28 U.S.C. §1332. Doc. No. 1. This matter is now before the Court on plaintiffs' motion to remand, Doc. No. 4. There has been no response in opposition to that motion.

  The party seeking removal bears the burden of establishing its right thereto. *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332 (6th Cir. 1989); *City of Tipp City v. City of Dayton,* 204 F.R.D. 388 (S.D. Ohio 2001). Moreover, any doubt as to whether remand is appropriate must be resolved in favor of remand. *Andrews v. Electric Motor Systems, Inc.,* 767 F.Supp. 853, 855 (S.D. Ohio 1991)(citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09

(1941); *Bergmann v. Pennsylvania, O & D.R. Co.,* 38 F.2d 209 (6th Cir. 1930)).

Title 28 of the United States Code, Section 1441, addresses removal of cases and provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. ..." 28 U.S.C. §1441(a). Defendants removed the action as a diversity action under 28 U.S.C. §1332. Section 1332 provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States. ..." 28 U.S.C. §1332(a)(1). Plaintiffs do not dispute that the parties in this case, as properly aligned, are completely diverse. However, plaintiffs argue that the amount in controversy does not exceed $75,000 exclusive of interest and costs.

The prayer for relief in the complaint seeks recovery of "an amount in excess of $25,000 for each Count plus all other relief which the court deems just." *Complaint,* at 6. In the notice of removal, the removing defendants address the issue of monetary damages as follows:

> The Complaint does not state a specific amount of monetary damages other than an amount in excess of $25,000. However, Plaintiffs' Complaint alleges that Butler Transport and/or Robert A. Downard caused Plaintiffs' Thomas and Frances Barton, pain, suffering, permanent disability and other various economic damages. Thus, defendant [sic] states that upon information and belief the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

*Notice of Removal,* at ¶5, Doc. No. 1.

When the amount that a plaintiff seeks to recover is not self-evidently greater or less than $75,000, the United States Court of Appeals for the Sixth Circuit has held that the defendants must prove, by a preponderance of the evidence, that it is "more likely than not"

2

that the amount in controversy will exceed the amount required by §1332(a). *Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir. 1993).

In support of their motion to remand, plaintiffs refer to the demand packages submitted to defendants and their insurer. *Exhibits A, B,* attached to *Affidavit of Gary J. Pandora.* Plaintiffs seek a total of $61,000.00 for all claims asserted in this action. Moreover, plaintiffs' counsel states in his affidavit that "[i]t is, and always has been, our position that the total value of the claims is less than $75,000." *Affidavit of Gary J. Pandora,* at ¶3, attached to *Motion to Remand,* Doc. No. 4.

Because there has been no response to the motion to remand, it cannot be said that the removing defendants have established by a preponderance of the evidence that it is "more likely than not" that the amount in controversy in this action will exceed the $75,000 jurisdictional amount required by §1332(a). *See Gafford, supra,* 997 F.2d at 158.

It is therefore **RECOMMENDED** that plaintiffs' *Motion to Remand,* Doc. No. 4, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ.

P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 19, 2005                              *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

4